IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE FINKE,

    Plaintiff,

v.

THE ENSIGN GROUP, INC., et al.,

    Defendants.

Case No. 19-2056-DDC-KGG

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Post-Acute Medical, LLC and Heartland Rehabilitation Hospital, LLC's ("Post-Acute Medical and Heartland defendants") Motion to Sever. Doc. 10. Plaintiff Gene Finke has filed a Memorandum in Opposition. Doc. 12. And, Post-Acute Medical and Heartland defendants have filed a Reply. Doc. 17. For reasons explained below, the court denies the Motion to Sever.

**I.    Facts**

Plaintiff alleges the following facts in his First Amended Complaint. Doc. 4. Plaintiff sustained a left ankle injury when he fell at a nursing home on August 8, 2017. *Id.* ¶ 2. When he fell, plaintiff was under the care of one set of defendants ("Ensign defendants"). *Id.* After surgery to repair the ankle, plaintiff moved to the Rehab Hospital of Overland Park, where he was under the care of Post-Acute Medical and Heartland defendants. *Id.* ¶ 3. While at the Rehab Hospital, plaintiff sustained a hematoma on his right leg on October 27, 2017, when a staff member pinched his leg while moving him in a lift. *Id.* ¶ 4. Plaintiff brings this lawsuit against both the Ensign defendants and the Post-Acute Medical and Heartland defendants, alleging he was "permanently injured due to defendants' conduct." *Id.* ¶ 5.

## II. Legal Standard

Under Rule 20, a plaintiff may join defendants in one action if plaintiff asserts a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a)(2). "Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). Under Rule 21, the court has discretion to sever claims if joinder will impose prejudice, expense, or delay. *Biglow v. Boeing, Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001). But "the impulse is toward entertaining the broadest possible scope of action consistent with fairness toward the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

## III. Discussion

Post-Acute Medical and Heartland defendants argue the court should sever plaintiff's claims because plaintiff's ankle and leg injuries are two distinct injuries caused by two sets of unrelated parties at different times. Doc. 11 at 4. The court disagrees. Plaintiff satisfies the "transaction or occurrence" standard because a logical relationship exists between the two injuries. Plaintiff's ankle injury while in the care of the Ensign defendants caused him to move to Post-Acute Medical and Heartland defendants' rehabilitation facility. Plaintiff would not have been their patient if not for the ankle injury, nor would he have required a lift to move. Thus, the court finds that plaintiff's two injuries sufficiently arise out of the same series of transactions to satisfy Rule 20's joinder requirement.

Plaintiff also satisfies the common question requirement.  Even though plaintiff's ankle fracture and hematoma are separate injuries, plaintiff alleges both contributed to "prevent[ ] him from ever ambulating independently again."  Doc. 12 at 2.  So the potential negligence of each set of defendants may be relevant to the other's liability.  If the court severs the claims, Post-Acute Medical and Heartland defendants could argue that non-parties (the Ensign defendants) are responsible for this outcome.  A common question of fact exists about plaintiff's medical history and condition.  Post-Acute Medical and Heartland defendants argue that joining the claims will force them to participate in irrelevant discovery about plaintiff's ankle fracture.  But discovery of plaintiff's medical history is relevant to their defense that they are not liable for plaintiff's injuries.  Also, nothing requires these defendants to attend any irrelevant depositions.  Thus, the interest in efficiency outweighs any prejudicial effect.  For all these reasons, the court concludes that joinder under Rule 20 is proper in this case.  Exercising its discretion, the court denies the Motion to Sever.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Post-Acute Medical and Heartland defendants' Motion to Sever (Doc. 10) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of August, 2019, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**