**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GENE FINKE,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**POST-ACUTE MEDICAL, LLC, et al.,**<br><br>　　　　**Defendants.** | **Case No. 19-2056-DDC-KGG** |

## MEMORANDUM AND ORDER

On December 1, 2020, the court ordered plaintiff to show cause why the court should not dismiss this action for lack of subject matter jurisdiction because the First Amended Complaint fails to establish that diversity of citizenship exists. Doc. 86 at 2. Plaintiff responded in a timely fashion. *See* Doc. 92; Doc. 94. That same day, the parties also filed a Stipulation of Dismissal with Prejudice for four defendants. *See* Doc. 93. The court later entered an Order dismissing those defendants. Doc. 95.

Plaintiff's Response to the Show Cause Order alleges that the two remaining defendants—Heartland Rehabilitation Hospital, LLC and Post-Acute-Medical, LLC—are LLCs with members who all are Pennsylvania residents and plaintiff is a Kansas resident. Doc. 94 at 1–2 (¶¶ 3, 5–7); Doc. 4 at 8 (Am. Compl. ¶ 42). Because plaintiff has alleged that (1) he is a citizen of the Sunflower State—Kansas, and (2) the remaining defendants are citizens of the Keystone State—Pennsylvania, he has alleged facts sufficient to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332 between plaintiff and the *remaining* defendants. Plaintiff has shown good cause why the court should not dismiss this action for lack of subject matter jurisdiction on that ground.

But wait, there's more.  Plaintiff's Response (Doc. 94) to the Show Cause Order fails to allege the citizenship of the four dismissed-defendants—The Ensign Group, Inc., Ensign Services, Inc., Gateway Healthcare, Inc., and Maple Hills Healthcare, Inc.  Before the court dismissed those parties, it had ruled on motions in this case.  *See, e.g.*, Doc. 35 (Mem. and Order denying Motion to Sever).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Here, the court cannot conclude from the current record whether *complete diversity* under 28 U.S.C. § 1332 existed before the court dismissed several defendants.  As the court explained in its earlier Show Cause Order (Doc. 86), plaintiff fails to allege sufficiently the corporate defendants' citizenship.  He merely alleges that they are Nevada corporations.  *See* Doc. 4 at 2–4 (Am. Compl. ¶¶ 6, 10, 15, 20); *see also id.* at 8 (Am. Compl. ¶ 43) ("Defendants are each foreign corporations . . . .").  Like the Amended Complaint, the Response (Doc. 94) to the court's Show Cause Order neglects to identify those defendants' *principal places of business*.  *See id.* at 2–5, 8 (Am. Compl.); Doc. 94 at 1–2.

The court may not tread beyond the contours of its subject matter jurisdiction and "[s]tatutes conferring diversity jurisdiction are to be strictly construed."  *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted).  The court thus directs plaintiff to show cause why the court should not vacate for lack of jurisdiction any Order exercising judicial power that preceded the court's Order of Dismissal (Doc. 95).  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (concluding that Court of Appeals "must vacate *all* the district court's post-removal orders" where "the district court never had jurisdiction over the case," and

so "it had no power to rule on any substantive motions or to enter judgment in the case" (emphasis added)); *RMP Consulting Grp., Inc. v. Datronic Rental Corp.*, No. 98-5062, 189 F.3d 478, 1999 WL 617690, at *3 (10th Cir. Aug. 16, 1999) (vacating all post-removal Orders entered by district court where it lacked subject matter jurisdiction over the case); *Fin. Engines, LLC v. Susi*, 388 F. Supp. 3d 1339, 1345 (D. Kan. 2019) (Lungstrum, J.) (applying *BHP* and *RMP* in concluding that under "established Tenth Circuit precedent, it is clear that the court's order entering the preliminary injunction must be vacated" where the court lacked subject matter jurisdiction).

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is directed to show cause within 14 days why the court should not vacate for lack of jurisdiction any Order exercising judicial power that preceded the court's Order of Dismissal with Prejudice (Doc. 95).

**IT IS SO ORDERED.**

**Dated this 15th day of January, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
